UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re
Lue Xiong,
      Debtor.

Case No. 05-43121-svk
Chapter 7

**Memorandum Decision on Trustee's Motion
For Turnover of Property and Objection to Exemptions**

      This case involves issues of property of the estate, exemption rights and Wisconsin marital property law. The Debtor, Lue Xiong, is married, but his spouse, Mayka Vang, did not join in the bankruptcy filing. (For convenience, Lue Xiong will be referred to as the "Debtor" and Mayka Vang will be referred to as the "non-filing spouse.") The bankruptcy trustee has moved to compel the turnover of four assets – Kansas real estate, Wisconsin real estate, a Dodge Ram truck and a Nissan Quest automobile – contending that the interest of the non-filing spouse in those assets is property of the bankruptcy estate and cannot be claimed exempt.

      The Trustee bases his contention on Bankruptcy Code § 541(a)(2) which defines property of the bankruptcy estate to include: "All interests of the debtor and the debtor's spouse in community property as of the commencement of the case that is (A) under the sole, equal or joint management and control of the debtor; or (B) liable for an allowable claim against the debtor, or for both an allowable claim against the debtor and an allowable claim against the debtor's spouse, to the extent that such interest is so liable." Although 100% of the community property is part of the bankruptcy estate, the Trustee argues that the Debtor can only exempt one-half of the equity in the assets, because the Debtor has chosen the federal exemptions, which are limited to the "debtor's interest" or the "debtor's aggregate interest" in the listed property. 11 U.S.C. §522(d) (2005). According to the Trustee, allowing the Debtor to exempt 100% of the equity in the community property grants a non-debtor exemption rights, which is prohibited by Bankruptcy Code § 522(b) ("an individual debtor may exempt from property of the estate . . ."). The issues for decision thus are (1) whether the assets are community property; and (2) if so, what is the debtor's interest or "aggregate interest" in the community property. With that background, and cognizant of the policy to construe exemption rights liberally in the Debtor's favor, *In re Smith*, 640 F.2d 888, 891 (7th Cir. 1981), it is time to turn to the assets that are the subject of the Trustee's Motion.

      In June 2004, the Debtor and his non-filing spouse moved to Wisconsin, a community property state, from Kansas, which does not have a community property system. *See In re Marriage of Rodriguez*, 969 P.2d 880, 884 (Kan. 1998). The Debtor filed a chapter 7 bankruptcy petition in the Eastern District of Wisconsin on October 14, 2005. Among the assets listed in the Debtor's bankruptcy schedules is residential real property located in Wyandotte County, Kansas (the "Kansas real estate"). According to the deed dated February 16, 1999, the Kansas real estate is owned by the Debtor and his non-filing spouse "as joint tenants and not as tenants in

common." The property is worth $90,240 and there is a mortgage of $75,000, leaving $15,240 in total equity.

The Trustee argues that 100% of the equity in the jointly owned Kansas real estate should become part of the Debtor's bankruptcy estate. However, since the Debtor owned the Kansas real estate as a joint tenant on the date he and his non-filing spouse moved to Wisconsin, this asset is not community property, and only the Debtor's one-half interest in the property is included in the estate. This is because Wisconsin's marital property laws do not operate to change the classification and ownership of property held on the "determination date." Wis. Stat. § 766.31(8) (2004).[1] Section 766.31(8) states: "Except as provided otherwise in this chapter, the enactment of this chapter does not alter the classification and ownership rights of property acquired before the determination date . . . ." For our purposes, according to Wis. Stat. §766.01(5), the determination date is the later of the date of the marriage or the date both spouses became domiciled in Wisconsin. In this case, the Debtor and his non-filing spouse were already married and owned the Kansas real estate as joint tenants when they moved to Wisconsin. Therefore, under § 766.31(8) of the Wisconsin Statutes, the ownership of the property remains a joint tenancy, and does not become marital property. If it is not marital property, Bankruptcy Code § 541(a)(2) does not apply to bring the non-filing spouse's interest into the estate.

"Whereas community property is included in the bankruptcy estate of either spouse, only the debtor's interest in property owned in joint tenancy is included in his or her estate." Keith A. Christiansen et al., *Marital Property Law in Wisconsin* § 6.76 (3d ed. 2004). *See also Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Van Kylen (In re Van Kylen),* 98 B.R. 455, 471-72 (Bankr. W.D. Wis. 1989) (trustee succeeded to one-half interest in funds in which debtor held a joint tenancy interest); *In re Chadwick,* 113 B.R. 540 (Bankr. W.D. Mo. 1990) (under Kansas law, debtor's joint tenancy interest was severed by bankruptcy filing, with the result that debtor had one-half interest as a tenant in common that could be claimed exempt). Application of these rules compels the conclusion that only the Debtor's one-half interest in the Kansas real estate becomes property of the bankruptcy estate. One-half of the equity is $7,620, and that is the extent of the bankruptcy estate's interest in the Kansas real estate. The Debtor has chosen and can use the "wild card" exemption of Bankruptcy Code § 522(d)(5) to exempt the entire $7,620.

Section 766.31(8) of the Wisconsin Statutes also applies to defeat the Trustee's claim to the Nissan Quest automobile. That asset was titled in the sole name of the non-filing spouse prior to the move to Wisconsin. Since the Debtor did not own this asset on the determination date, the Debtor does not have a marital property interest in this vehicle. Stated another way, the Nissan is not community property, and is therefore not property of the estate under Bankruptcy Code § 541(a)(2). Accordingly, the Trustee cannot require turnover of the vehicle.

---

[1] Alternatively, under choice-of-law principles, the law of Kansas, the situs of the real estate, would apply to determine the ownership interests. *See* Restatement (Second) of Conflicts of Laws § 234 (1971). As noted, Kansas does not have a community property system, and the Kansas real estate is not community property under Kansas law.

2

The Debtor and his non-filing spouse purchased a residence on Bradley Road in Milwaukee after they moved to Wisconsin. This real property is valued at $143,800 and subject to a mortgage of $136,541, leaving total equity of $7,259. As the property was purchased after the determination date, it is presumed to be marital property. Wis. Stat. § 766.31(2). And, as community property under the sole, equal or joint management and control of the Debtor, both the Debtor's interest and the non-filing spouse's interest in the Bradley Road property comes into the bankruptcy estate under § 541(a)(2)(A).

Having conceded that 100% of the equity is part of the bankruptcy estate, the Debtor has nevertheless claimed the entire $7,259 as exempt under Bankruptcy Code § 522(d)(1), and this amount is well within the dollar limits for one debtor's exemption under this section. The Trustee argues that by claiming the whole amount of the equity as exempt, the Debtor's non-filing spouse is attempting to claim an exemption in this bankruptcy case, which is not permissible under *Kapila v. Morgan (In re Morgan)*, 286 B.R. 678 (Bankr. E.D. Wis. 2002).

In *Morgan*, a debtor moved to Florida and filed bankruptcy while married to his non-filing spouse who remained in Wisconsin. The parties divorced, and the debtor did not claim as exempt the Wisconsin real estate occupied by the non-filing spouse. The Florida trustee moved to sell the Wisconsin real estate, but the spouse objected, arguing in the alternative that only the debtor's half of the property was within the bankruptcy estate, or that all of the equity in the property was exempt under the Wisconsin homestead exemption. The dispute was transferred to the Eastern District of Wisconsin, where the bankruptcy court found, pursuant to § 541(a)(2)(A) of the Bankruptcy Code, that both spouses' interests, not just the debtor's one-half interest, were included in property of the estate. The court then denied the non-filing spouse's attempt to claim the Wisconsin homestead exemption and save the property from the trustee. The *Morgan* court held: "Section 522(b) provides that only 'an individual debtor may exempt from property of the estate the property listed' in the schedules. She is not an individual debtor. *See* 11 U.S.C. § 101(13). Only her husband was an individual debtor on the date that he filed, so only he can claim an exemption that might pull her homestead out of his estate." *Id.* at 683.

By contrast, in this case, the Debtor *is* trying to keep his non-filing spouse's homestead out of the bankruptcy estate. Unlike in *Morgan*, the Debtor, not the non-filing spouse, has claimed the exemption, and the exemption is within the dollar limits of the statute. Thus, our case is also distinguishable from *In re DeHaan*, 275 B.R. 375 (Bankr. D. Idaho 2002), in which the debtor argued that he was entitled to assert exemptions in the community property in his bankruptcy estate on behalf of his non-debtor spouse, thereby increasing the value caps to a level equal to what he and his wife could claim in a joint case.

Turning to the scope of the exemption claimed by the Debtor, § 522(d)(1) provides that the debtor can claim as exempt "the debtor's aggregate interest . . . in real property or personal property that the debtor or a dependent of the debtor uses as a residence."[2] The nature and extent

---

[2] The case would have been much clearer cut had the Debtor chosen the Wisconsin homestead exemption. The state exemption is not limited to the "debtor's interest," but rather applies to to

3

of the Debtor's interest is governed by state law,[3] and Wis. Stat. § 766.31(3) states in pertinent part: "Each spouse has a present undivided one-half interest in each item of marital property." Since the debtor has an undivided interest in an asset that cannot readily be partitioned, the rational way to reconcile these two statutes is to permit the debtor to exempt all of the equity in indivisible marital property assets, up to the statutory value limits for one debtor.

The conclusion that the debtor should be able to exempt the entire indivisible asset owned with a non-filing spouse has found some support with commentators. "[I]t is arguable that to provide the debtor spouse with meaningful exemptions, the debtor spouse must be able to claim an entire asset as exempt, even though the debtor owns only a one half interest in the asset as community property. A community property interest is indivisible, and as section 541(a)(2) brings an entire community property asset into the estate of one spouse, one spouse must be able to remove the entire asset from the estate when claiming it exempt." Henry J. Sommer & Margaret Dee McGarity, *Collier Family Law & the Bankruptcy Code* ¶ 4.04[1], at 4-50 (Alan N. Resnick & Henry J. Sommer eds., 2005).

This result is also consistent with prior rulings of this court addressing the indivisible nature of a debtor's interest in marital property. In *In re Passmore*, discussing the debtor's interest in his non-filing spouse's wages, the court stated:

> A spouse owns an undivided one-half interest in all assets and funds classified as marital property. The debtor does not own one-half of the postpetition garnished funds; he owns an undivided interest in *all* of such funds. His interest cannot be partitioned by a creditor nor unilaterally severed by a spouse. . . . Community property interests in a single asset or category of funds simply cannot be severed or treated separately in the bankruptcy context.

156 B.R. 595, 599 (Bankr. E.D. Wis. 1993) (citations omitted) (emphasis in original). Here, the Debtor owns an undivided one-half interest in the Wisconsin real estate. He does not own one-half of a house; he owns a one-half interest in the entire house. Since he has an interest in the entire property, his "aggregate interest" for exemption purposes should logically extend to the entire equity, up to the dollar limit of the exemption.

The only case that would suggest otherwise is *In re Page*, 171 B.R. 349 (Bankr. W.D. Wis. 1994). *Page* involved a check that was made payable to a non-filing spouse and garnished by a judgment creditor of both the debtor and spouse. The debtor claimed the check as exempt and filed a motion to avoid the garnishment lien as impairing the exemption. Distinguishing *Passmore* as a case construing only the automatic stay, the *Page* court limited the debtor's

---

property occupied by a resident owner and extends to land "owned by husband and wife jointly or in common or as marital property, and when they reside in the same household may be claimed by either or may be divided in any proportion between them . . ." Wis. Stat. §815.20(1). Of course, the state exemptions do not include a "wild card" and would not have provided an exemption for the Kansas real estate.

[3] *Fowler v. Shadel*, 400 F.3d 1016, 1018 (7th Cir. 2005).

4

exemption to one-half of the check.  However, *Passmore* expressly and authoritatively described the nature of a debtor's marital property interest in contexts other than the application of the automatic stay: "If a provision of the Bankruptcy Code applies to the debtor's community property interest in an asset, it applies to the entire asset." *Passmore*, 156 B.R. at 599. Moreover, while the debtor's interest in the check at issue in *Page* could easily be determined, valued and divided for exemption purposes, there is no comparable way to determine and value the Debtor's undivided one-half interest in a house or car, since they are not fungible.  *Page* therefore can be distinguished and its holding confined to assets that are fungible or divisible by nature.  Accordingly, for purposes of claiming an exemption in the indivisible Wisconsin real estate under § 522(d)(1) of the Bankruptcy Code, the Debtor's aggregate interest extends to the entire undivided interest in the property.  Since he has not reached the dollar limit of the exemption, the Debtor is entitled to claim as exempt the total equity of $7,259.

For the same reason, the Debtor can claim as exempt all of the equity in the jointly owned Dodge Ram truck ($2,950) under Bankruptcy Code § 522(d)(2).  Since the Debtor owns an undivided interest in the whole truck, rather than an interest in one-half of a truck, he is permitted to exempt that interest, up to the limit of the federal exemption.

In summary, the assets owned by the Debtor and his non-filing spouse on the determination date are not community property, and the non-filing spouse's interests in those assets do not come into the bankruptcy estate under § 541(a)(2).  The Kansas real estate is owned in a joint tenancy, and only the Debtor's one-half interest in that property is included in the estate.  The Debtor is entitled to exempt the full value of his one-half interest.  The Debtor has no interest in the Nissan automobile that was solely owned by his non-filing spouse on the determination date, and that property does not come into the bankruptcy estate at all.  The house and the truck that were purchased after the determination date are community property, and both the Debtor's and the non-filing spouse's interests in that property are included in the bankruptcy estate.  The Debtor has an undivided one-half interest in the whole of the community property assets, and the nature of those assets is indivisible.  Therefore, the Debtor is entitled to claim his entire interest (not just one-half) as exempt, up to the dollar values of the applicable exemptions.  A separate order will be entered denying the Trustee's Motion for Turnover.

Dated: May 3, 2006

By the Court:

*Susan Kelley*
Susan V. Kelley
U.S. Bankruptcy Judge